UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICARDO M. BARBOSA,
    Plaintiff,

    v.

C.A. No. 11-11524-JLT

SGT. DILLON, ET AL.,
    Defendants.

MEMORANDUM AND ORDER

TAURO, D.J.

BACKGROUND

I.    The Instant Action

On August 26, 2011, Plaintiff Ricardo Michael Barbosa ("Barbosa"), a prisoner at the Souza Baranowski Correctional Center, filed a self-prepared Complaint under, *inter alia*, 42 U.S.C. § 1983 against a number of correctional employees, including correctional officers, the Sheriff of Norfolk County Jail, unidentified Norfolk County Commissioners, former Director of Security, and Norfolk County House of Correction and Jail.[1]

In brief, Barbosa alleged that on February 23, 2007, while a detainee in the custody of the NCSO, he entered a cell in the medium security unit, and was accosted by three other inmates seeking proof of his criminal charges. He left the cell and later returned, whereupon he was attacked by up to three inmates in his cell (however, Barbosa later stated he was assaulted and severely beaten by up to nine individuals). He lost consciousness and was taken to Norwood

---

[1] Defendants, included: (1) Sgt. Dillon ("Dillon"), a correctional officer at the Norfolk County Sheriff's Office ("NCSO"); (2) Michael G. Bellotti ("Bellotti"), former Sheriff of the Norfolk County Jail and House of Correction; (3) Joseph Tescano ("Tescano"), a correctional officer at the NCSO; (4) unidentified Norfolk County Commissioners; (5) Michael T. Maloney ("Maloney," former Director of Security at the NCSO; (6) and Norfolk County House of Correction and Jail.

Hospital, where he underwent reconstructive surgery to his face and head. He later reported this incident to Sheriff Bellotti and others, complaining about the failure of Unit Officer Tescano to protect him from other inmates. Barbosa believed the motivation for the attack was because the inmates confused him with another person, or else the Defendants had told the inmates some "erroneous and heinous allegations." Compl. at ¶ 24.

Count I of the Complaint alleged a failure to intervene to protect him from harm, in violation of Barbosa's constitutional rights. The claim was asserted against Tescano. In that count, Barbosa also alleged that Tescano was negligent in his failure to provide protection to him. Count II alleged a failure to protect claim and a failure to supervise Tescano properly. Barbosa contended that Dillon was the unit supervisor, and he was negligent in his supervision and training of Tescano. Count III asserted a claim against Bellotti and Maloney for the failure to supervise and train properly Tescano and Dillon, and the failure to provide a safe environment. Barbosa alleged these Defendants were both negligent and deliberately indifferent to his rights to be free from bodily injury. Count IV asserted a claim against unnamed County Commissioners for alleged gross negligence and deliberate indifference to Barbosa's right to be free from bodily injury while housed at the NCSO.

## II. The Prior Related Civil Action

The instant action relates to an earlier suit, filed on January 8, 2010. See Barbosa v. Bellotti, et al., Civil Action No. 10-10024-JLT. In that action, Barbosa later filed an Amended Complaint on January 15, 2010. On January 25, 2010, Magistrate Judge Collings issued a Memorandum and Order directing Barbosa to pay the filing fee or renew a request to proceed *in forma pauperis* within 21 days. Barbosa failed to comply with the Court's directives, and on

April 26, 2010, this Court adopted Magistrate Judge Collings's Report and Recommendation for dismissal of this action for failure to satisfy the Court's filing fee requirements as directed. See Order (Docket No. 11); Order for Dismissal (Docket No. 12). Thereafter, on May 28, 2010, Barbosa filed a Letter (Docket No. 14), stating that he believed a miscarriage of justice had occurred because of a technicality. He asserted that he was willing to pay the civil action filing fee in installments and sought to have the action restored to the Court dockets.

On June 15, 2010, this Court entered a Memorandum and Order (Docket No. 18) denying Barbosa's request to reopen the closed civil action, finding that he had been afforded a number of opportunities to satisfy the filing fee obligations of this Court, but failed to do so in a timely fashion as directed. As an additional ground for denying the request to reopen, this Court considered the merits of the Complaint and Amended Complaint, and found that Barbosa had failed to state plausible claims upon which relief may be granted based on the allegations that the Defendants failed to intervene to protect him from an assault and battery by co-inmates. Id. at 2-3.

Thereafter, on August 26, 2011, Barbosa filed a document entitled "Complaint Petition to Procure the Deficiencies in the Pleading For Tort & Tort Feasor." (Docket No. 20). In the pleading, Barbosa stated that he had not been able to serve the Defendants, but believed his case was "still alive." Id. at 1. He contended this Complaint was an "addendum" to his case. That pleading reasserted his failure to intervene claims, and stated that five of the inmates who allegedly assaulted and beat him were found guilty in state court in June, 2009. He further contended the Defendants were "negligent" and therefore guilty for allowing the beating by these five inmates. He also asserted a claim for intentional infliction of emotional distress.

On September 6, 2011, this Court issued an Order (Docket No. 21) construing Barbosa's pleading as a Motion to Reopen and a Motion to Amend the Amended Complaint, and as such, denied both of the requests with prejudice. Barbosa was prohibited from filing any further pleadings in that action.

Contemporaneous to the filing of his Motion to Reopen/Motion to Amend, Barbosa filed the instant action (via a separate Complaint) seeking to assert a new civil action against three of the same Defendants in this action, as well as new Defendants, raising related claims stemming from the alleged assault and battery by co-inmates.

On September 21, 2011, this Court issued a Memorandum and Order (Docket No. 4) directing Barbosa to show cause why the instant action should not be dismissed: (1) for failure to plead his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure; (2) for failure to set forth cognizable claims against all Defendants (except for Defendant Tescano) because there was no *respondeat superior* liability under 42 U.S.C. § 1983; (3) for failure to set forth sufficient facts to state plausible failure to intervene claims; and (4) because Barbosa's Complaint was barred by the statute of limitations. With respect to the statute of limitations issue, this Court addressed, in great detail, the apparent non-applicability of the relation back doctrine under Rule 15(c) of the Federal Rules of Civil Procedure.

Barbosa filed a Response to the show cause Order, and on November 2, 2011, this Court issued another Memorandum and Order (Docket No. 18) finding his assertions to be conclusory, and his allegations of a vast conspiracy to be dubious. Nevertheless, this Court permitted the action to proceed, reserving any decision on the merits of his claims.

On November 4, 2011, Barbosa filed a Motion to Appoint Counsel (Docket No. 22) and a

Motion for Reconsideration on the Motion to Appoint Counsel (Docket No. 24) (both drafted by co-inmate Peter J. Ladetto on Barbosa's behalf).

On January 6, 2011, Defendants (Dillon, Bellotti, and Tescano) filed a Motion to Dismiss (Docket No. 31) asserting that Barbosa has not pled any claims upon which relief may be granted because his claims are barred by the applicable statute of limitations. Defendants argue that the earlier dismissed lawsuit does not suffice for Rule 15(c) relation back purposes, citing to this Court's earlier Memorandum and Order discussing the relation back doctrine. Defendants contend that Barbosa waited 16 months before filing the instant action, and there is no basis in law or fact that would support an extraordinary application of Rule 15(c).

Next, Defendants argue that Barbosa failed to set forth facts to support his claim that the Defendants were deliberately indifferent to his safety, and that this deliberate indifference resulted in an assault by other inmates. Finally, Defendants allege that there are insufficient facts to establish a plausible entitlement to relief based on a theory of supervisory liability.

On January 23, 2012, Barbosa filed a Motion to Strike the Motion to Dismiss (Docket No. 34) (construed as his Opposition to the Motion to Strike). He asserts he has legitimate claims against the Defendants, and as evidence of this, cites to the fact that Defendants have retained "such a prestigious law firm in their defense...." Id. at 1. Additionally, Barbosa argues that his first Complaint was dismissed "on at technicality" because he failed to pay the filing fee. He contends that justice should not be aborted under these circumstances, particularly where he has suffered brain damage stemming from the alleged assault and battery. He again seeks appointment of counsel.

5

DISCUSSION

I.  The Motions for Appointment of Counsel

Under 28 U.S.C. §1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. §1915, Barbosa "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (emphasis added). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. Id.

Here, the Court recognizes that Barbosa has difficulties in prosecuting his claims because he is an indigent prisoner and unskilled in the law. Nevertheless, for the reasons set forth in the Memorandum and Orders (Docket Nos. 4 and 18), and for the reasons set forth below, this Court cannot find that appointment of counsel is warranted because Barbosa fails to state any plausible federal claims upon which relief may be granted.

Accordingly, Barbosa's Motion for Appointment of Counsel (Docket No. 22) is DENIED and his Motion for Reconsideration re: his Motion to Appoint Counsel (Docket No. 24) is

DENIED.

II.  The Motion to Dismiss

As noted above, this Court initially expressed doubts concerning the merits of Barbosa's claims, but permitted the action to proceed in order to afford the parties an opportunity to address the issues. Defendants Bellotti, Dillon, and Tescano (the only served Defendants), have filed a Motion to Dismiss essentially reiterating the discussion of this Court outlining the deficiencies in Barbosa's claims.[2]

Without belaboring the matter, this Court agrees with the arguments set forth by the Defendants in their Memorandum in Support of the Motion to Dismiss (Docket No. 32), *i.e.*, that Barbosa's claims are barred by the applicable statute of limitations. This Court also finds that, for all the reasons previously discussed in the Memorandum and Order (Docket No. 4), and as a matter of discretion, application of the relation back doctrine pursuant to Rule 15(c) is not warranted. Simply put, Barbosa has set forth no circumstances that would justify application of the doctrine, to the prejudice of the Defendants. Notwithstanding that Barbosa's earlier lawsuit was dismissed because he did not comply with the Court's directives regarding the filing fee for civil actions, this Court rejects Barbosa's arguments that the earlier dismissal should be ignored because it was "only a technicality." Indeed, the purposes of the Prison Litigation Reform Act would be undermined if the Court viewed a prisoner's obligation to pay the filing fee as simply "a technicality." Moreover, this Court also rejects Barbosa's argument that his case must have

---

[2]Defendant Norfolk County Commissioner was terminated as a party to this action, and Defendant John O'Brien was substituted as a Defendant pursuant to the Memorandum and Order (Docket No. 18) dated November 2, 2011. Defendants Michael T. Maloney and John O'Brien have not been served process.

merit because the Defendants have retained a prestigious law firm to defend them. Finally, this Court finds that Barbosa has not set forth in his Motion to Strike/Opposition to the Motion to Dismiss (Docket No. 34) any *bona fide* basis for application of the relation back doctrine.

In light of the holding that the statute of limitations bars Barbosa's federal claims, this Court need not address in detail the other grounds for dismissal (*e.g.*, failure to set forth plausible claims for failure to intervene and claims based on a theory of *respondeat superior* liability). Suffice it to say, however, that this Court also agrees with the Defendants that Barbosa failed to meet the pleading requirements to set forth claims upon which relief may be granted.[3]

Accordingly, for all of these reasons, Defendant's Motion to Dismiss (Docket No. 31) is <u>ALLOWED</u> as to the federal claims. In the absence of any cognizable federal claims, this Court declines to exercise supplemental jurisdiction over any state law claims, and those state law claims are <u>DISMISSED</u> without prejudice.[4]

---

[3]To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" <u>Centro Médico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005)(quoting <u>Berner v. Delahanty</u>, 129 F.3d 20, 25 (1st Cir. 1997)). "The factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. The Supreme Court explained in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 127 S.Ct. 1937 (2009) that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [And] where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, 129 S.Ct. at 1949-50. Here, Barbosa's allegations are simply legal conclusions, without any factual underpinnings in support. They do not raise a right to relief above the speculative level.

[4]In the absence of any *bona fide* federal question providing an independent basis for jurisdiction of claims against the individual defendants, this Court declines to exercise supplemental jurisdiction over any state law defamation claims. <u>See</u> 28 U.S.C. § 1367(a). The

Further, in light of the findings above, Barbosa's Motion to Strike and Ignore Defendants Pleadings and Move to a Trial by Jury (Docket No. 34) is DENIED.

Finally, in light of the above, the federal claims against the unserved Defendants are DISMISSED *sua sponte*, and any state claims are DISMISSED without prejudice.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Appointment of Counsel (Docket No. 22) is DENIED;

2. Plaintiff's Motion for Reconsideration of Appointment of Counsel (Docket No. 24) is DENIED;

3. Defendants Tescano, Bellotti, and Dillon's Motion to Dismiss (Docket No. 31) is ALLOWED as to all federal claims;

4. Plaintiff's Motion to Strike and Ignore Defendants Pleadings and Move to a Trial by Jury (Docket No. 34) is DENIED;

5. All state law claims against Defendants Tescano, Bellotti, and Dillon are DISMISSED *sua sponte* without prejudice;

6. All federal claims against unserved Defendants Michael T. Maloney and John O'Brien are DISMISSED *sua sponte*;

7. All state law claims against unserved Defendants Michael T. Maloney and John O'Brien are DISMISSED without prejudice;

8. All claims against the Norfolk County Commissioners and all claims against the Norfolk County Jail and House of Correction are DISMISSED pursuant to the Memorandum and Order (Docket No. 18); and

---

exercise of such jurisdiction is discretionary, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); accord Rose v. Baystate Med. Ctr., Inc., 985 F. Supp. 211, 218-219 (D. Mass. 1997).

9. This action is <u>DISMISSED</u> in its entirety. A separate Order for Dismissal shall enter.

SO ORDERED.

/s/ <u>Joseph L. Tauro</u><br>JOSEPH L. TAURO<br>UNITED STATES DISTRICT JUDGE

DATED: March 5, 2012